IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| A.B. SKIPPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 107-069 |
| ) | |
| VICTOR WALKER, Warden, and ) | |
| THURBERT BAKER, Attorney General ) | |
| of the State of Georgia,[1] ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 8). Petitioner has not filed a response; therefore, under Loc. R. 7.5, the motion is deemed unopposed.[2] For the reasons set forth herein, the

---

[1] The Court notes that, because Petitioner is currently incarcerated, the proper party respondent is his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."). As such, Victor Walker, Warden of Augusta State Medical Prison, is the only proper party respondent to the above-captioned petition. Thus, even if the Court were not recommending dismissal of the above-captioned case, Respondent Baker should be **DISMISSED**.

[2] On September 18, 2007, the Court ordered Petitioner to file a response to the motion and cautioned him that failure to respond would indicate that the motion is unopposed. (Doc. no. 11). In response to the Court's September 18th Order, Petitioner again requested that counsel be appointed so that he could adequately respond to the motion to dismiss, but he did not provide a substantive response to the instant motion. (Doc. no. 12). On October 17, 2007, the Court again denied Petitioner's request for appointed counsel, afforded Petitioner ten (10) additional days to respond to the instant motion, and again cautioned him that failure to respond would indicate that the motion is unopposed. (Doc. no. 13). Petitioner has failed

Court **REPORTS** and **RECOMMENDS** that Respondent Baker be **DISMISSED** from the above-captioned case, that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED** as untimely, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On May 13, 2005, Petitioner pled guilty, but mentally ill, to aggravated assault and possession of a firearm during the commission of a crime. (Doc. no. 10, Ex. 3, p. 1). Petitioner was sentenced to consecutive terms of imprisonment of twenty years for the offense of aggravated assault and five years for the offense of possession of a firearm during the commission of a crime. (Id.). Petitioner did not file a direct appeal, but he did file a state habeas corpus petition on March 24, 2006.[3] (Id., Ex. 1, p. 5). After an evidentiary hearing, the state habeas court denied the petition on November 14, 2006. (Id., Ex. 3). Although Petitioner then filed a timely notice of appeal and obtained an extension of time to file his application for a certificate of probable cause to appeal ("CPC") to the Georgia Supreme Court, he failed to file an application. (Id., Ex. 4). Consequently, on February 26, 2007, the Supreme Court of Georgia dismissed Petitioner's appeal. (Id.). Petitioner then executed the above-captioned petition on April 24, 2007. (Doc. no. 1, p. 9).

Respondent now argues that the above-captioned petition should be dismissed as time-barred under 28 U.S.C. § 2244(d). (Doc. no. 10, pp. 2-4). The Court resolves the issue as follows.

---

to respond to the Court's October 17th Order.

[3]Petitioner also filed a "Motion to Modify Sentence" and three "Application[s] for Review of Sentence." (Id., Ex. 2, pp. 35-38).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Thus, Petitioner's conviction became "final" when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner pleaded guilty and was sentenced on May 13, 2005, the 30-day time-period, set forth under § 5-6-38(a), in which Petitioner could appeal

3

began at that time. Petitioner did not appeal his May 13, 2005 guilty plea or sentence to the Georgia Court of Appeals. (Doc. no. 7, p. 5; doc. no. 1, p. 4). Therefore, for the purpose of determining the timeliness of the above-captioned petition, the Court will presume that Petitioner's conviction became "final" in June 2005. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'").

## B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from June 2005, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court.[4] Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Petitioner's state habeas petition, executed on March 21, 2006,[5] tolled the statute of limitations period until December 29,

---

[4]As an initial matter, Petitioner's "Motion to Modify Sentence" and "Application[s] for Review of Sentence" did not affect Petitioner's post-conviction remedies, and thus, did not toll the AEDPA's statute of limitations period. See Bridges v. Johnson, 284 F.3d 1201, 1203-04 (11th Cir. 2002) ("Therefore, we agree with the district court's conclusion that sentence review does not qualify under the statute as 'State post-conviction or other collateral review,' 28 U.S.C. § 2244(d)(2), and does not toll the § 2244(d) limitations period.").

[5]Although Petitioner signed his state habeas petition on March 21, 2006, it was not filed with the Superior Court of Richmond County until March 24, 2006. Whether the Court uses March 21 or March 24, 2006, for the purpose of determining the timeliness of the above-captioned petition is irrelevant because Petitioner's federal habeas corpus petition would be untimely using either date.

4

2006.⁶ At this time, Petitioner still had approximately two months to file his federal habeas petition. On April 24, 2007,⁷ almost four months after the denial of his state habeas petition became final and approximately fourteen months after his state convictions became final, Petitioner executed the above-captioned petition. Therefore, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

The AEDPA also describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and

---

⁶As previously noted, "[t]he time during which a *properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Although Petitioner filed a notice of appeal, he ultimately failed to file an application for a CPC. (Doc. no. 10, Ex. 4). As such, Petitioner's failure to file a CPC application does not constitute a "properly filed" application for the purposes of 28 U.S.C. § 2244(d)(2). Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). Therefore, for the purpose of determining the timeliness of the above-captioned petition, the Court will presume that the denial of Petitioner's state habeas petition became final on December 29, 2006, the extended-deadline for filing a CPC application with the Supreme Court of Georgia. Cf. Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004) (*per curiam*) ("Under [Carey v. Saffold, 536 U.S. 214 (2002), the petitioner's] state habeas petition also remained 'pending' under § 2244(d)(2) until the thirty-day deadline in O.C.G.A. § 9-14-52(b) for filing a CPC application with the Georgia Supreme Court expired . . . .").

⁷Again, although Petitioner signed his federal habeas petition on April 24, 2007, it was not filed with the Court until April 30, 2007. Whether the Court uses April 24 or April 30, 2007, for the purpose of determining the timeliness of the above-captioned petition is irrelevant because Petitioner's federal habeas corpus petition would be untimely using either date.

(D) (quoted *supra*). Here, Petitioner fails to argue, and there is simply nothing in the record to suggest, that any of the aforementioned situations apply to this case. Therefore, these provisions of the AEDPA are of no help to Petitioner.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not alleged any extraordinary circumstances to justify equitable tolling,[8] nor has he presented any arguments to support a claim of actual innocence,[9] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

---

[8] "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. 418-19). Here, Petitioner fails to argue, and there is simply nothing in the record to suggest, that he is entitled to equitable tolling. Therefore, equitable tolling is unavailable to extend the AEDPA's one-year statute of limitations.

[9] The Court is aware that a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). However, "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Upon review of the above-captioned petition, Petitioner has failed argue or provide any evidence suggesting that he can meet the stringent standard necessary to trigger the actual innocence exception. (See doc. no. 1, pp. 7-8).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent Baker be **DISMISSED** from the above-captioned case, that the motion to dismiss be **GRANTED**, that this petition be **DISMISSED** as untimely, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 28th day of December, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE